UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OTIS MICHAEL BRIDGEFORTH,

                                Plaintiff,

    v.
                                              9:11-CV-453
ASHLEY LISBOA, , *et al.*,                       (LEK/ATB)

                                Defendants.
_____

OTIS MICHAEL BRIDGEFORTH
Plaintiff, *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed *in forma pauperis*, and a "joint motion" for a temporary restraining order, filed by *pro se* plaintiff Otis Michael Bridgeforth. (Dkt. Nos. 1-3). Plaintiff, who is currently incarcerated at the Rensselaer County Jail, has not paid the filing fee for this action. (Dkt. No. 3).

**I.**    *In Forma Pauperis* **(IFP) Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II.    Complaint**

In a short, but very confusing complaint, plaintiff appears to allege that defendant Ashley Lisboa conspired with various individuals to file a false complaint against plaintiff, resulting in the issuance of a warrant for his arrest. (Compl. ¶ 6 & Ex. Attached to TRO Motion; Dkt. Nos. 1, 2). Plaintiff refers to Ms. Lisboa as a "(state actor)" and as a "(state cooperator)." (Compl. ¶¶ 4, 6). He claims that this warrant was issued in retaliation for plaintiff filing *Bridgeforth v. Div. of Parole*, 9:11-CV-402 (N.D.N.Y) (TJM/RFT) (filed April 11, 2011).[1] The complaint contains five "Causes," all of them challenging the issuance of the warrant in some way and arguing that defendants "falsely accused" plaintiff of the charges listed in the warrant. (Compl. ¶¶ 6-10).

Among the defendants listed in the caption[2] of plaintiff's complaint are Hon. Christopher Maier, Justice of the Troy Police Court; the Mayor of Troy (with no name listed); Troy Chief of Police, John F. Tedesco; and the Rensselaer County District Attorney, Richard McNalley. (Compl. ¶ 4). Plaintiff seeks substantial monetary damages as well as "expungement and sealing of the unwanted and unnecessary

---

[1] The court notes that, according to the court's electronic case filing system (CM/ECF), plaintiff has filed twelve cases in the Northern District of New York, eight of which are still pending. Six of the eight pending cases were filed since January of 2011.

[2] The plaintiff's first cause of action also mentions Arthur Frost as a defendant. (Compl. ¶ 6). Arthur Frost is not named in the caption of the complaint, nor is he listed as one of the defendants in paragraph 4 of the complaint, where plaintiff has listed defendants with their addresses. In reading paragraph 5 of the complaint, where plaintiff has listed one of his twelve Northern District of New York cases, the court has determined that Arthur Frost was a "Public Defender" in Rensselaer County and was a defendant in *Bridgeforth v. County of Rensselaer*, 1:08-CV-779 (LEK/RFT), until he was dismissed from that action on December 22, 2008.

charges accused in warrant # 413-11, City of Troy." (Compl. ¶ 10 - Relief Demanded).

### A.   Validity of Warrant

All of plaintiff's causes of action are based on the allegation that the warrant issued against plaintiff for Second Degree Aggravated Harassment, in violation of N.Y. Penal Law § 240.30(2), was false, and that plaintiff is not guilty of those charges. The warrant in question was issued April 14, 2011, and the case is apparently still pending.

To the extent that plaintiff's case is still pending in state court, it is well-settled that federal courts may not interfere with pending state criminal prosecutions, absent some extraordinary circumstance, such as bad faith prosecution, unconstitutional laws, or the lack of adequate process in state court for protecting the plaintiff's rights. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  This abstention is appropriate when there is a pending state proceeding, implicating an important state interest, and the state proceeding will afford the plaintiff an adequate opportunity for review of his federal constitutional claims. *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003).

The warrant in this case was recently issued, and the charges appear to still be pending. Plaintiff's allegations that he is innocent of those charges, that defendant Lisboa somehow conspired with the police to initiate the issuance of the warrant, that defendant Meier improperly issued the warrant, or that the police issued the warrant in retaliation for one of plaintiff's other law suits, would all affect the validity of plaintiff's pending state criminal action and/or the action against plaintiff for

4

revocation of his parole. The state has an interest in handling its own criminal proceedings without interference, and plaintiff certainly has an adequate opportunity to challenge the charges in state court. *See Miller v. Hourihane*, No. 08-CV-2646, 2008 WL 2795468, *1 (E.D.N.Y. July 18, 2008). Thus, to the extent that plaintiff challenges any aspect of his pending criminal or parole proceeding, the complaint should be dismissed.

Even if plaintiff were attempting to challenge or bring an action for damages associated with a completed criminal conviction or revocation of parole he would be unable to bring a section 1983 claim for damages at this time. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

### B.   Immunity

In addition, court must note that plaintiff has named Judge Meier and Richard McNalley, the Rensselaer District Attorney as defendants in this action. With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even

when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976)(citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiff is well aware that judges have absolute immunity since this is not the first time that he has named Judge Meier in a civil action.  In *Bridgeforth v. County of Rensselaer*, on December 8, 2008, Judge Kahn approved the Report of Magistrate Judge Treece, recommending *sua sponte* dismissal of Judge Meier from the action based on judicial immunity.[3]  In this case, plaintiff claims that Judge Meier issued an invalid arrest warrant because plaintiff is not guilty of the charges listed in the warrant.  Whether that is true or not, it is within Judge Meier's jurisdiction to issue arrest warrants, and he may not be sued in a section 1983 action based upon the conduct stated in plaintiff's complaint.

Plaintiff has one "Cause" in which it appears that he is attempting to claim that the Judge and a variety of other defendants including defendant Richard McNalley, the Rensselaer County District Attorney, had no "jurisdiction" to issue the warrant or to have the warrant issued, because plaintiff was under the "jurisdiction" of the Division of Parole. (Compl. ¶ 7).  Prosecutors also have absolute immunity for actions

---

[3] *Bridgeforth v. County of Rensselaer*, 1:08-CV-779 (N.D.N.Y.) (Dkt. Nos. 14, 19).

taken within the scope of their prosecutorial duties. *See Kalina v. Fletcher*, 522 U.S. 118, 124 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 410 ((1976). Although there are circumstances in which a prosecutor would only be entitled to qualified immunity, the initiation and pursuit of a criminal prosecution are "quintessential prosecutorial functions." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005).

In this case, plaintiff does not even state what actions defendant McNalley took. Plaintiff merely states that "each defendant listed" is responsible for the "non-jurisdiction cause." (Compl. ¶ 7). Plaintiff's allegation is frivolous, given the charge listed in the arrest warrant. There is no indication that the judge who issued the warrant had no jurisdiction to issue it, and there is no indication that defendant McNalley was involved in requesting the warrant.

### III. Injunctive Relief

The court need not consider plaintiff's request for temporary injunctive relief because any such request for relief would be moot, given this court's recommendation of dismissal.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP status (Dkt. No. 3) is **GRANTED**, and it is

**RECOMMENDED**, that the action be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii-iii) (failure to state a claim and immunity of certain defendants), and it is further

**RECOMMENDED**, that plaintiff's motion for a Temporary Restraining Order

(Dkt. No. 2) be **DENIED AS MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: April 29, 2011

                                        Hon. Andrew T. Baxter
                                        U.S. Magistrate Judge