UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OTIS MICHAEL BRIDGEFORTH,

                Plaintiff,

    -against-                                     9:11-cv-00453 (LEK/ATB)

ASHLEY LISBOA, *et al.*,

                Defendants.
_____

## DECISION and ORDER

This matter comes before the Court following a Report-Recommendation filed on April 29, 2011, by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 4). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Otis Michael Bridgeforth ("Plaintiff"), which were filed on May 5, 2011. Objections (Dkt. No. 5).[1]

The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or

---

[1] On July 14, 2011, Plaintiff filed a Supplement to his Objections requesting that the Court delay any decision on whether to adopt the Report-Recommendation by sixty days, in light of related criminal proceedings pending against him in New York state court. Dkt. No. 6 at 1. Because more than sixty days have elapsed since Plaintiff filed this request, it is dismissed as moot. Moreover, as Judge Baxter correctly found in the Report-Recommendation, Plaintiff's Complaint (Dkt. No. 1) warrants dismissal to the extent that Plaintiff seeks to challenge the pending state court proceedings. Report-Rec. at 4-5 (citing Younger v. Harris, 401 U.S. 37, 43-54 (1971); Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003); Miller v. Hourihane, No. 08-CV-2646, 2008 WL 2795468, at *1 (E.D.N.Y. July 18, 2008)).

recommendations made by the magistrate judge." Id.  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997).

A review of the Objections shows that they consist almost entirely of general objections and reiterations of Plaintiff's original allegations in his Complaint.  Compare Obj. at 1-2 (stating that Plaintiff "objects" to the recommendation that his Motion for injunctive relief (Dkt. No. 3) be denied, and reiterating his allegation that he was under the "jurisdiction" of the Division of Parole); with Compl. ¶ 7 (alleging same).  The Court has therefore reviewed these portions of Judge Baxter's Report-Recommendation for clear error, and finds none.

Moreover, the Court reviews *de novo* and rejects Plaintiff's argument that Defendant McNalley is not entitled to absolute immunity because "[i]t is not a quintessential prosecutorial function to proceed with any criminal complaint." Obj. at 2 (citing Younger, 401 U.S. 37, 43-54; Spargo, 351 F.3d at 75).  The cases Plaintiff cites do not support his argument; as Judge Baxter noted, "[a]lthough there may be circumstances in which a prosecutor would only be entitled to qualified immunity, the initiation and pursuit of a criminal prosecution are 'quintessential prosecutorial functions.'" Report-Rec. at 7 (quoting Shmueli v. City of N.Y., 424 F.3d 231, 237 (2d Cir. 2005)).  Nor, as the Report-Recommendation states, does Plaintiff's Complaint provide any indication that Defendant McNalley was personally involved in requesting a warrant for Plaintiff's arrest.  See Report-Rec.; Compl.  Upon review of the record, the Court concludes that the Report-

Recommendation should be approved for the reasons stated therein.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** in its **ENTIRETY;** and it is further

**ORDERED**, that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) based upon failure to state a claim and upon immunity of certain Defendants; and it is further

**ORDERED**, that Plaintiff's Motion for injunctive relief (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   October 21, 2011
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge